TRULINCS 40701013 - CASTRO-CRUZ, MARCO - Unit: ENG-J-B

----------------------------------------------------------------------------------------

FROM: 40701013
TO:
SUBJECT: Pro se Omnibus Motion
DATE: 02/04/2018 08:24:02 PM

United States of America V. Marco Castro-Cruz case numbers 14CR144 and 17CR334

'Pro Se' Omibus Motion

Comes niw the Defendant, Marco Castro-Cruz respectfully requesting the honorable court revie included motion(s) and make whatever rulings and orders the Coiurt may seem fit to administer fair and proper justice in the case(s) against the defendant.

Included in this Omnibus are the following Motions:

1. Motion to continue sentencing and permit leave to supplement counsel's objections to PSRI reports

2. Second motion to withdraw plea(s) of guilt

3. Motion to discharge counsel and appoint new counsel

4. Motion requesting copy of CJA-20's in cases 14CR144 and 17CR334

For grounds.

1. The defendant would respectably request the honorable court to review the record(s) in these cases and ultimately allow him to retract his plea(s) in these cases.

2. With the successful defense and the court's ruling on the 851 the ddefendantrepresents that the Denver case number 14CR144 should revert to pre-trial stage and the defendant should be allowed to negotiate a plea separate and apart from the Wyoming case number 17CR334.

3. The defendant requests to aadvanceto trial on the Wyoming case 17CR334 either in Denver or Wyoming, wherever the court decides. The defendant is not guilty of this charge.

WHEREFORE, the defendant prays the court grant whatever relief and order(s) which may be proper to eexpeditejustice.

Respectively submitted,

x*Marco Castro Cruz*
Marco Castro-Cruz

TRULINCS 40701013 - CASTRO-CRUZ, MARCO - Unit: ENG-J-B

---

FROM: 40701013
TO:
SUBJECT: Motion to continue sentencing
DATE: 02/04/2018 06:25:49 PM

United States of America v. Marco Castro-Cruz case numbers 14CR144 and 17CR334

Pro se motion to continue sentencing and permit leave to supplement counsel's objections to PSIR reports.

Comes now the defendant, Marco Castro-Cruz, pro se requesting the honorable court to continue sentencing in the two cases against him.

As grounds.

1. Mr. Castro-Cruz entered a guilty plea as part of plea agreement on September 20, 2017 and the court set a sentencing hearing initially for January 18, 2018 but due to the ongoing litigation pertaining to the invalidated 851 enhancement, deferred sentencing until February 5, 2018.

2. The two PSIR's were prepared originally 17CR334 on 12/9/2017 and 14CR144 on 12/13/2017, with later revisions ultimately being filed on 1/9/2018, some twenty seven days before sentencing.

3. His attorney, Mr. Stanton, actually only just delivered the final copies of the two PSIR's on 1/30/2018, a mere five days before sentencing.

4. Notably, Mr. Stanton did not deliver the draft copies, his objections, nor apologize or offer any kind of excuse for the extreme tardiness of the delivery and oversight of procedures.

5. Mr. Castro-Cruz finally, with these aforementioned documents in hand, did notice a plethora of missing and erroneous items within and engaged the assistance of another inmate to dictate/translate his needs of a continuance with the cases against him. He did this in a timely fashion, both on 2/1/2018 (with no answer) and on 2/2/2018, finally Mr. Stanton did answer.

6. Mr. Castro-Cruz's translator attempted to first ensure Mr. Stanton that he was not attempting to discuss the specifics of the case as he was not cleared to do so by Mr. Castro-Cruz. But only to direct Mr. Stanton to please request a continuance for cause mentioned in this pleading.

7. Mr. Stanton completely ignored the wishes of his client, Mr. Castro-Cruz, and initiated a discussion of legal tactics, Mr. Stanton's opinion of Mr. Casto-Cruz's mental state, and even the translator's current legal situation. Even inquiring as to the length of sentence of the translator.

8. This entire conversation is being held in record under the United States marshal service here at the FDC Englewood.

9. Rule 32(f) states, "the probation officer MUST give the presentence report TO THE DEFENDANT, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period." (emphasis added). The rule also sets a 14 day deadline after receipt of the PSIR for objections to be filed. Rule 32(f).

10. Defense counsel filed objections (although the defendant has no record of these). Defense counsel did not provide Mr. Castro-Cruz a copy of the PSIR until 1/30/2018, just five days before sentencing. The defendant respectably does NOT waive these rights.

WHEREFORE, the defendant Mr. Castro-Cruz respectably requests the honorable court to enter an order granting a continuance and the defendant leave to the filing of a supplement to counsel's prior objections to the PSIR reports.

Respectably submitted,

X *Marco Castro-Cruz*
Marco Castro-Cruz

TRULINCS 40701013 - CASTRO-CRUZ, MARCO - Unit: ENG-J-B

----

FROM: 40701013
TO:
SUBJECT: Second motion to withdraw plea(s) of guilt
DATE: 02/04/2018 01:43:14 PM

United States of America v. Marco Castro-Cruz case numbers 14CR144 and 17CR334

Second motion to withdraw plea(s) of guilt

Comes now the defendant pro se respectably requesting the honorable court to allow him to withdraw his plea(s) of guilt in the aforementioned case numbers.

As grounds.

1. HIS PLEA WAS INVOLUNTARY. As he was uninformed of the full extent of the charge(s) he was pleading to in the agreement.

2. Most notably the defendant's appointed council, Mr. Stanton, never pursued even a cursory investigation into the most serious charges and/or enhancements against him.

3. This has been thoroughly proved out in the recent litigation (initiated by the defendant's pro se pleadings) around the 851 enhancement which was proferred in 2014 by the government's filing of information.

4. Had his own counsel investigated the validity of the (1) prior conviction relied upon for applying the 851 enhancement the plea negotiations would have been markedly different. For, without the 851 enhancement, the minimum mandatory on case number 14CR144 is ten years, not twenty years, as erroneously reported in the pertinent PSIR. * Note, it took the defendant a mere thirty minutes to discover the prior Arizona conviction did not activate 851 but two months to prove it to the court.

5. His counsel, Mr. Stanton, now states that it is purely "semantics" where he still faces the statutory minimum of twenty years from the Wyoming case 17CR334.

6. Counselor Stanton forgets that the defendant always disputed the allegations in the Wyoming case 17CR334 and to this date still does. The defendant finally relented last year in negotiating with his attorney, Mr. Stanton, when Mr. Stanton erroneously pointed out that the Denver cases 14CR144 had a minimum of twenty years and therefore, by accepting a plea to the minimum, he would effectively would not be receiving any time for the Wyoming case 17CR334.

7. HIS PLEA WAS UNINFORMED. As previously mentioned, the defendant was erroneously informed of a statutorily mandated minimum of twenty years on the Denver case 14CR144 by his attorney Mr. Stanton, who have never even investigated the validity of the prior Arizona conviction in applying the 851 enhancement.

8. Additionally, it should be noted the defendant repeatedly requested (for three years) any discovery that could be had from Mr. Stanton relating to the Wyoming case 17CR334.

9. Now, just five days before sentencing, Mr. Stanton finally dumps the requested discovery on the defendant, which consists of approximately eighty pages of DEA (ROI) reports.

10. With the results of the defendant's pro se initiated defense to the 851 enhancement and the discovery finally in hand on the Wyoming case, the defendant can finally say he has sufficient information to make an "informed decision" on whether to plea guilty to the charges levied against him in cases 14CR144 and 17CR334.

11. With this information the defendant respectably requests the court to withdraw his prior plea(s) in these cases.

WHEREFORE, Mr. Castro-Cruz respectably requests this honorable court to enter an order granting his motion to withdraw his plea(s) of guilt in the aforementioned case numbers.

Respectably submitted,

X *Marco Castro-Cruz*
Marco Casto-Cruz

TRULINCS 40701013 - CASTRO-CRUZ, MARCO - Unit: ENG-J-B

----------------------------------------------------------------------------------------------------

FROM: 40701013
TO:
SUBJECT: Motion to discharge counsel and appoint new counse
DATE: 02/04/2018 08:41:27 PM

United States of America v. Marcos Castro-Cruz case numbers 14CR144 and 17CR334

Pro se motion to discharge counsel and appoint new counsel

Comes now the defendant pro se respectably requesting the honorable court discharge his counsel and appoint new counsel in the case(s) against him.

For grounds.

1. The defendant Marco Castro-Cruz reluctantly moves the honorable court to immediately dismiss counselor Stanton from the case(s) against him as counselor Stanton has broken the fragile bond that existed between them. There is no confidence remaining, no meaningful communication, and definitely no confidentiality.

2. Since the court's appointment of Mr. Stanton some (3) years prior the defendant has failed to see any real work product from his attorney in the case(s) against him.

3. Until mid-2017 when Mr. Stanton did approach the defendant wiht a potential deal he had made with the government whereby the defendant would plea guilty to the very minimum range of punishment in the Denver case number 14CR144.

4. This being twenty years per the 851 enhancement, additionally the defendant would benefit by having the Wyoming case 17CR334 being effectively dismissed as it would run concurrent or inside the Denver (controlling) case 14CR144.

5. When the defendant inquired as to why he would have to sign a plea to the Wyoming charge if it was being dropped, Mr. Stanton replied that it was just "semantics" and that it would be "disingenuous" to argue actual innocence or guilt as this would likely only result in angering the court.

6. The defendant then at the advice of his attorney Mr. Stanton did plead guilty to both the Denver and Wyoming cases. Not for reasons of actual guilt on both accounts, but merely prudence.

7. As the defendant has now succeeded to his objections to the 851 enhancement in Denver he has attempted to convey to his attorney repeatedly that he wishes to withdraw his plea(s) in these matters as they were founded on the misconception that the 851 enhancement was valid.

8. His attorney Mr. Stanton replied now (though this time in the reverse order) that the fact remains the same - minimum mandatory 20 years (Wyoming case) and effectively no penalty for the conduct in Denver. Again referring to "semantics" and the "disingenuous" point of arguing actual guilty or innocence.

9. As noted in the defendant's pro se motion to continue sentencing, Mr. Stanton did violate repeatedly the trust and confidence of his client by engaging in a recorded conversation for nine minutes where Mr. Stanton discussed at length his legal tactics, his opinion of the defendant's mental state, and even the translator's current legal situation, among other issues.

10. Markedly the one thing that the defendant needed most from his attorney Mr. Stanton was to listen and of course request a continuance for just cause as the defendant has clearly shown in his pro se motion for continuance.

11. Now Mr. Stanton again by not requesting a continuance, has wasted the precious time of the court, Mr. Stanton in the recorded conversation on 2/2/2018 belligerently stated that only the "defense" which is he, is to receive the original draft to the PSIR 35 days before sentencing.

12. Mr. Stanton refuses to read the clear language of rule 32(f) which states "the defendant", NOT "the defense", nor acknowledge the reasoning behind the rule itself. Which is clearly that "the defendant" is more suited to recognize deficiencies and errors in the PSIR due to the fact that the majority of the information is derived from the interview with the defendant, not the attorney.

13. Mr. Stanton's lack in interest in investigating the charge(s) from the Wyoming case are another issue altogether. In (3)

TRULINCS 40701013 - CASTRO-CRUZ, MARCO - Unit: ENG-J-B

----------------------------------------------------------------------------------------------------

years Mr. Stanton never provided the defendant with one page of discovery until just (5) days before sentencing.

WHEREFORE, the defendant respectably requests that the honorable court dismiss Mr. Stanton and appoint another CJA attorney which will address his concerns effectively, vigilantly, and professionally to the court.

Respectfully submitted,

x_Marco Castro-Cruz_
Marco Castro-Cruz

TRULINCS 40701013 - CASTRO-CRUZ, MARCO - Unit: ENG-J-B

----------------------------------------------------------------------------------------------------

FROM: 40701013
TO:
SUBJECT: Request for copy of CJA-20
DATE: 02/04/2018 01:25:19 PM

United States of America v. Marco Castro-Cruz 14CR144 and 17CR334

Motion requesting copy of CJA-20s in case 14CR144 and 17CR334.

Comes now the defendant pro se requesting the honorable court to furnish all CJA-20 forms per the open records act relating to the two cases against him.

Respectably submitted,

X *Marco Castro-Cruz*
Marco Castro-Cruz